IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JORDAN ALAN NEVES BREWER,<br><br>        Plaintiff,<br><br>  v.<br><br>TERRY THOMPSON et al.,<br><br>        Defendants. | MEMORANDUM DECISION & ORDER DIRECTING SERVICE OF PROCESS & DISPOSITIVE MOTION<br><br>Case No. 1:15-CV-40 TC<br><br>District Judge Tena Campbell |

Plaintiff, Jordan Alan Neves Brewer, filed this *pro se* prisoner civil-rights suit. *See* 42 U.S.C.S. § 1983 (2016). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* § 1915.

Based on its review of the Amended Complaint, (*see* Docket Entry # 9), the Court concludes that official service of process is warranted. The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, along with this Order, upon the following Weber County and Davis County defendants:

        **TERRY THOMPSON, WEBER COUNTY SHERIFF (WCSO)**
        **KEVIN BURTON, WCSO CHIEF DEPUTY**
        **JOSEPH PORTER, WCSO SERGEANT**
        **KERI SEKULICH, WCSO LIEUTENANT**
        **JEREMY MILLER, WCSO LIEUTENANT**
        **JORDAN BONYAI, WCSO DEPUTY**
        **PAT COLLINGSWORTH, WCSO MAIL CLERK**
        **DR. JOHN WOOD, CONTRACTED BY WCSO & DAVIS COUNTY**
            **SHERIFF'S OFFICE (DCSO)**
        **RICHARD RUSSELL, PHYSICIAN ASSISTANT, WCSO**
        **TODD RICHARDSON, DCSO**
        **JENSEN, DCSO LIEUTENANT**
        **MANFULL, DCSO DEPUTY**
        **SHEILA PERRY, SOCIAL WORKER, CONTRACTED BY WCSO &**
            **DCSO).**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

    (i) file an answer, within twenty days of service;

    (ii) within ninety days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1];

    (iii) within ninety days of filing an answer, file a separate summary-judgment motion, with a supporting memorandum; **and**

    (iv) within ninety days of filing an answer, submit a proposed order for dismissing the case based upon Plaintiff's failure to exhaust, in word processing format to:  utdecf_prisonerlitigationunit@utd.uscourts.gov.

(B) If Defendants choose to challenge the bare allegations of the complaint, Defendants shall, within twenty days of service, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6), and submit a proposed order for dismissing the case, in word

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports.  The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims.  This, of course, will allow the court to dig beneath the conclusional allegations.  These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

(C) If Defendants choose not to rely on the defense of failure to exhaust and wishes to pierce the allegations of the complaint, Defendants must,

    (i) file an answer, within twenty days of service;

    (ii) within ninety days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint;

    (iii) within ninety days of filing an answer, file a separate summary-judgment motion, with a supporting memorandum; **and**

    (iv) within ninety days of filing an answer, submit a proposed order for dismissing the case based upon the summary-judgment motion, in word processing format, to: utdecf_prisonerlitigationunit@utd.uscourts.gov.

The parties shall take note that local rules governing civil cases are in effect. All requirements are important but the most significant are in motion practice and sealed filings. This Court will order the parties to refile summary-judgment motions which do not follow the standards. *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

Plaintiff is notified that, if Defendants move for summary judgment, Plaintiff may not rest upon the mere allegations in the Complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment, Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.[2]

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for screening and service of process is **GRANTED**. (*See* Docket Entry # 10.)

(2) The USMS shall serve a completed summons, a copy of the Amended Complaint, (*see* Docket Entry # 9), and a copy of this Order upon the above-listed defendants.

(3) Within twenty days of being served, Defendant must file an answer or motion to dismiss and proposed order, as outlined above.

(4) If filing (on exhaustion or any other basis) a *Martinez* report **with** a summary-judgment motion and proposed order, Defendant must do so within ninety days of filing an answer.

---

[2] When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment, should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

(5) If served with a *Martinez* report and a summary-judgment motion or motion to dismiss, Plaintiff must file a response within thirty days.

(6) Summary-judgment motion deadline is ninety days from filing of answer.

DATED this 3rd day of June, 2016.

BY THE COURT:

*[signature: Tena Campbell]*
JUDGE TENA CAMPBELL
United States District Court