# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JORDAN ALAN NEVES BREWER,<br><br>    Plaintiff,<br><br>v.<br><br>DAVIS COUNTY et al.,<br><br>    Defendants. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION<br>TO DISMISS PLAINTIFF'S<br>NINTH CLAIM FOR RELIEF**<br><br>Case No. 1:15-CV-40 TC<br><br>District Judge Tena Campbell |

With the help of appointed counsel, Plaintiff filed his amended complaint on July 10, 2018. (Doc. No. 213.) Defendants move to dismiss his ninth claim for relief, brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C.S. § 2000cc-2000cc-5 (2019).

Federal Rule of Civil Procedure 12(b)(6) gives the Court power to dismiss all or part of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In reviewing a complaint under a 12(b)(6) motion, the Court must consider whether there are "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). During its review, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff asserts that Defendant Weber County violated RLUIPA by denying him access to religious reading materials and mail correspondence. (Doc. No. 213, at 35-36.) Defendant Weber County rejoins that, because Plaintiff was transferred from its jail on December 6, 2012, its challenged policies no longer apply to him, mooting his RLUIPA claim. (Doc. No. 217.)

> RLUIPA is limited to official capacity claims for equitable relief. *See Sossamon v. Texas,* 563 U.S. 277, 278-79 (2011) (holding Eleventh Amendment immunity bars RLUIPA claims for money damages); *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012) (noting RLUIPA does not permit individual capacity claims). Consequently, RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody. *See Alvarez v. Hill*, 667 F.3d 1061, 1063-65 (9th Cir. 2012).

*Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015). Thus, Weber County is correct: Once Plaintiff was released from Weber County custody, his RLUIPA claim against Weber County became moot.

## ORDER

**IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. (Doc. No. 217.) Claim nine based on RLUIPA is **DISMISSED** with prejudice, under Rule 12(b)(6), for failure to state a claim on which relief may be granted.

DATED this 24th day of September, 2019.

BY THE COURT:

TENA CAMPBELL
United States District Judge